(Reap. Dec. 9724)

HENRY A. WESS, INC. *v.* UNITED STATES

Entry No. 407.

(Decided June 21, 1960)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Mollie Strum* and *Daniel I. Auster,* trial attorneys), for the defendant.

LAWRENCE, Judge: Pursuant to section 501 of the Tariff Act of 1930 (19 U.S.C. § 1501), as amended, plaintiff has filed the instant appeal for a reappraisement to determine the proper dutiable value of certain mechanical calendars imported from Denmark.

The issue is so clearly presented by an agreement of the parties hereto that it is deemed appropriate to set forth in full a written stipulation, which was received in evidence as plaintiff's exhibit 1.

(1) It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, defendant, that the merchandise covered by the above-named reappraisement appeal is limited to the item marked "A" and initialed LM by Examiner Louis E. Mangett on the invoice covered by the above-named reappraisement appeal.

(2) That the item marked "A" as aforesaid, consists of mechanical calendars made in Copenhagen, Denmark, by Mirovista A/S and exported from Denmark to the United States in September, 1952.

(3) That when said above-mentioned mechanical calendars were exported from Denmark such and similar merchandise was not being freely offered for sale for home consumption to all purchasers in the principal markets of Denmark, nor was it being freely offered for sale to all purchasers in the principal markets of Denmark for exportation to the United States, nor was it being freely offered for sale in the principal markets of the United States to United States purchasers.

(4) That Mirovista A/S was the only manufacturer in Denmark making or producing calendars of the same 'class or kind as the mechanical calendars marked "A" as aforesaid in the years 1951 and 1952.

(5) That the appraised value of the said mechanical calendars here in litigation was based upon "cost of production" as defined in Section 402(f) Tariff Act of 1930, and that said appraised "cost of production" was determined as follows expressed in terms of Danish Crowns per piece net packed:—

|  | Danish Crowns |
|---|---|
| 1. Materials, fabrication, labor and other manufacturing processes | 6. 9309 |
| 2. General expenses (including a commission of 0.5176 ($0.075 U.S. converted by the appraiser at $1.00 equal to 6.90125 D.K.) to be explained more fully by other evidence) | 4. 5576 |
| 3. Containers, coverings and other costs incident to placing the merchandise in condition ready for shipment to U.S.A. | 0. 42 |
| 4. Profits (including a royalty of 1.96 ($0.285 U.S. converted by the appraiser at $1.00 equal to 6.90125 D.K.) to be explained more fully by other evidence) | 4. 35 |
| Per unit appraised "cost of production" | 16. 2585 each |

(6) Plaintiff hereby limits his claims in this reappraisement appeal (1) to the aforementioned item of a commission of 0.5176 Danish Crowns that was included as a part of the above General expenses, and (2) to the aforementioned item of a royalty of 1.96 Danish Crowns that was included as a part of the above Profits, both items as mentioned above in the appraised "cost of production". Plaintiff claims that said commission of 0.5176 D.K. and/or said royalty of 1.96 D.K. should not be included in the "cost of production" as defined in said Section 402(f) and that the aforementioned item of General Expenses should be 4.04 Danish Crowns per unit, and that the aforementioned item of Profits should be 2.39 Danish Crowns per unit. Plaintiff concedes that 6.9309 Danish Crowns represents the correct unit cost for Materials, etc. as identified above, and that 0.42 Danish Crowns represents the correct unit cost for Containers, etc. as identified above.

From the foregoing, it is clear that there is no controversy as to the basis of value, namely, cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930 (19 U.S.C. § 1402(f)).

The question in issue is one of law, whether a royalty paid to the Danish inventor and a commission paid to an agent in Canada should properly form part of the cost of production.

In addition to exhibit 1, exhibits 2 and 3, consisting of affidavits of Gleerup-Moller, were received in evidence in plaintiff's behalf. On

defendant's behalf, three reports were received in evidence as exhibits A, B, and C, exhibit A being a report from the American Embassy in Copenhagen, Denmark, to the Department of State for the Treasury Department, exhibit B a report prepared by a customs agent of the Bureau of Customs at Detroit, Mich., addressed to the Commissioner of Customs in Washington, D.C., and exhibit C is an "Operations Memorandum" from the American Embassy in Copenhagen, Denmark, addressed to the Department of State, Washington, D.C.

The components of cost of production, as provided in section 402(f) of the Tariff Act of 1930, *supra*, are set forth as follows:

(f) For the purpose of this subtitle the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

An itemization of the various factors, as found by the appraiser of merchandise and as claimed by plaintiff herein, is set forth as follows in defendant's brief—

| Item | Appd. value, each Danish Crowns | Imptr's claimed value, each Danish Crowns |
| --- | --- | --- |
| 1. Materials, fabrication and labor | 6. 9309 | 6. 9309 |
| 2. General expenses | 4. 5576(a) | 4. 0400(b) |
| 3. Packing and containers | 0. 4200 | 0. 4200 |
| 4. Profits | 4. 3500(c) | 2. 3900(d) |
| Total | 16. 2585 | 13. 7809 |

(a) Includes a so-called commission of 0.5176 crowns
(b) Excludes " " " " "
(c) Includes " royalty of 1.9600 "
(d) Excludes " " " "

As to the amount of 1.96 kroner, representing a royalty paid to the Danish inventor which was included by the appraiser of merchandise in arriving at the item of profits, the nature of this charge is explained by Gleerup-Moller as follows:

> The above mentioned price of $0.28½ was paid to your deponent as a licence [sic] fee for giving to The Kemper Thomas Company the exclusive rights or agency to purchase manufacture and sell such calendars in the United States under patent rights, and no further or additional payments were made to your deponent for such exclusive U.S.A. patent rights. This right was to continue so long as said Kemper Thomas Company purchased an average of 2,000 calendars per month. [Exhibit 2.]

The record discloses that the royalty of 1.96 kroner ($0.28½) is paid on a quarterly basis by The Kemper Thomas Co., the ultimate consignee of the imported merchandise, to the Danish inventor, Gleerup-Moller, and does not form part of the purchase price of said mechanical calendars paid to the Danish manufacturer and seller, Mirovista A/S, a corporation.

Since the facts of record disclose that the royalty in question is for the exclusive right or agency to purchase, manufacture, and sell the instant mechanical calendars in the United States under the patent rights granted to Gleerup-Moller, it appears to be in the nature of a license fee such as was ruled upon by the Court of Customs and Patent Appeals in *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 39 C.C.P.A. (Customs) 86, C.A.D. 468, wherein the court stated—

> We conclude that there is substantial evidence of record to establish that the machines in issue were manufactured by the German corporation hereinbefore described and that the cost of production of each involved machine was 12,000 RM and that the license fee in issue was paid in consideration of the exclusive right to purchase the involved machines for export to the United States. Hence the license fee is not an element which may be properly added in computing the dutiable value of the merchandise on the basis of cost of production.

See also *United States* v. *Pacific Customs Brokerage Co. for Munising Wood Products Co., Inc.*, 32 Cust. Ct. 675, A.R.D. 44, and *R. J. Saunders & Co., Inc.* v. *United States*, 23 Cust. Ct. 311, Reap. Dec. 7754.

In view of the fact that the royalty in question was paid to Gleerup-Moller, the patentee, and not to Mirovista A/S, the corporation producing and selling the mechanical calendars, and inasmuch as it has been shown that the purpose of the royalty was for the exclusive right to purchase and sell such calendars in the United States, the court is of the opinion, and so holds, that the royalty of 1.96 kroner does not constitute part of the cost of production of the instant merchandise.

In addition to the price paid to Mirovista A/S, the Danish manufacturer and seller of the instant mechanical calendars, the royalty of 1.96 kroner which was paid directly to Gleerup-Moller, the patentee, there was a commission of 0.5176 kroner ($0.075 U.S.) paid by the ul-

timate consignee directly to Hansen & Co. (subsequently called Hansen & Cox) of Canada. The nature and purpose of this commission are explained in the affidavit of Gleerup-Moller, received in evidence as plaintiff's exhibit 2, as follows—

* * * Under the informal arrangement then existing between Hansen & Cox and your deponent, said Hansen & Cox had the exclusive right to interest Canadian and U.S.A. buyers in the merchandise created or made by your deponent, and to develop the U.S.A. and Canadian market for such products. For such activities Hansen & Cox was to be paid a commission based upon the sales price of the items they successfully introduced into said markets. In the case of the Calendars in question their commission was agreed upon as a specific fee of $0.07½ for each Calendar.

Since said charge was not a commission paid to an agent in the exporting country for sales in that country, but is a commission paid by a United States buyer directly to an independent selling agent in a third country in order to obtain the release of his exclusive agency to develop markets in the United States and in Canada, said commission does not form part of the "usual general expenses" which are included in the statutory cost of production. The record discloses that the commission in question is paid by The Kemper Thomas Co., the ultimate consignee, directly to Hansen & Co., the Canadian agent, that Mirovista A/S has no part in the actual transaction, and the commission does not enter in any way into the manufacturer's expenses.

In the light of these circumstances, the court is of the opinion that the commission paid by the United States buyer to the Canadian agent forms no part of the cost of production of the instant mechanical calendars.

Due consideration of the record here presented leads the court to the following findings of fact—

1. The merchandise in issue consists of mechanical calendars exported from Denmark to the United States in September 1952.

2. That, at or about the time of exportation, such or similar mechanical calendars were not freely offered for sale for home consumption in Denmark nor for exportation to the United States.

3. That The Kemper Thomas Co., ultimate consignee of the mechanical calendars, paid a royalty of 1.96 Danish kroner to Gleerup-Moller, a resident of Denmark who was the inventor of said calendars; that said royalty was paid by the buyer and received by the inventor for the exclusive right to the buyer to purchase, manufacture, and sell such calendars in the United States under patent rights granted to Gleerup-Moller; and that said royalty was paid to the patentee separate and apart from the price paid Mirovista A/S, manufacturer and seller of said merchandise.

4. That The Kemper Thomas Company paid a commission of

0.5176 Danish kroner to Hansen & Co., an agent of seller in Canada, for obtaining from said agent the exclusive right to sell and distribute such mechanical calendars in the United States, and that Mirovista A/S in Denmark received no part of said commission.

As conclusions of law, the court holds—

1. That cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, is the proper basis for determining the value of the involved merchandise.

2. That the royalty of 1.96 Danish kroner, referred to in finding of fact number 3, does not constitute part of said cost of production.

3. That the commission of 0.5176 Danish kroner, paid by Kemper Thomas to Hansen, described in finding of fact number 4, is not such a charge as would be included in the usual general expenses which form part of the statutory cost of production.

4. That cost of production of the instant mechanical calendars is as follows:

|  | Danish crowns each |
|---|---|
| Cost of materials, fabrication, and labor | 6. 9309 |
| Usual general expenses | 4. 04 |
| Cost of containers, coverings, and packing | 0. 42 |
| Profit | 2. 39 |
|  | 13. 7809 |

Judgment will be entered accordingly.