(Reap. Dec. 9818)

A. W. FENTON CO., INC., ET AL. *v.* UNITED STATES

(Order dated October 20, 1960)

*Tompkins & Tompkins (Allerton deC. Tompkins* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

DONLON, Judge: Counsel in the cases listed on the attached schedule, made a part hereof, have filed statements which purport to meet the requirements of rule 15(d). In fact, they do not meet the requirement.

The rule requires each party to file, as a minimum, "a short, plain, and direct statement showing (1) the statutory basis of value contended for by that party, and (2) the unit value claimed to be the correct value of the merchandise."

Plaintiff has filed a 3-page document which is, in effect, a brief in support of its pending motion to suspend. It is not the statement required by rule 15(d). Nowhere does plaintiff state in "short, plain, and direct" language, as required, that the statutory basis of value for which plaintiff contends is cost of production; but that seems to be a reasonable inference which could be deduced from the arguments plaintiff has propounded. Nowhere does plaintiff state, as required, the unit value claimed as the correct value of the merchandise.

Defendant's purported statement is likewise substantially defective. To be sure, defendant does state in "short, plain, and direct" language that the instant merchandise was appraised on the basis of cost of production. Inasmuch as defendant did not timely file any appeal from the appraisement, it clearly has become final as against defendant and defendant may not now challenge the appraisement.

Defendant does not state, as required, what the unit value is which it claims is the correct value of the merchandise. While defendant

is bound by the appraised value, failing timely appeal from it, one may perhaps infer that defendant now seeks to set up a new unit value of appraisement, other than the appraised value, to be computed on cost of production factors that are, in at least one respect, different from the cost of production factors which the appraiser used in his appraisement. If so, this is an attempt to do by indirection what defendant may not do directly, namely, challenge appraisement without having timely appealed from it, as the law provides.

The statements filed do not meet the requirements of rule 15(d). Both parties stand in default of the court order of September 23, 1960, and are subject to disabilities as provided in rule 15(d).

I proceed now to rule on the pending motion to suspend. It is denied. It has not been shown by satisfactory proofs, as rule 16(a) requires, that the question here before the court involves the same issue of fact or question of law as that in the pending case under which suspension is requested.

The pending case is *Henry A. Wess, Inc.* v. *United States*, 44 Cust. Ct. 747, Reap. Dec. 9724 (appeal to reappraisement 283631-A). The issue there is whether a certain commission paid in Canada is properly a part of the "usual general expenses" includible in arriving at cost of production value. It does not appear that any such commission was included in the cost of production values that have been found by the appraiser for the instant merchandise.

Notwithstanding the insufficiency of the statements filed, the issue here is reasonably clear. There is no issue here as to basis. Plaintiff accepts the appraiser's basis, which was cost of production. There is no issue as to any of the statutory factors which the appraiser used in making his appraisement, save one, namely, cost of materials. All of the other factors used by the appraiser have been accepted by plaintiff, which has no burden of proof with respect to the unchallenged factors.

As Judge Rao pointed out succinctly in *United States* v. *Nelson Bead Co.*, 31 Cust. Ct. 481, A.R.D. 36, affirmed on appeal, *Id.* v. *Id.*, 42 C.C.P.A. (Customs) 175, C.A.D. 590, "the presumption of correctness of an appraisement stands as to every element essential thereto except the one which has been challenged."

Plaintiff here has challenged only the cost of materials as found by the appraiser. This is one of the statutory elements of cost of production, wholly separate and apart from the statutory element of general expense. It appears to be conceded that the issue as to cost of materials here is similar to the like issue which was decided in *Charles Stockheimer et al.* v. *United States*, 44 C.C.P.A. (Customs) 92, C.A.D. 642.

The appeals should proceed to proofs on the issue which is in litigation. As above indicated, this appears to have been decided, adversely to defendant, in *Stockheimer, supra.*

I express no opinion on the issue which defendant failed to raise by appeal or by cross-appeal, and now desires to litigate. In an appropriate case, that issue may be argued and decided. It is not, on the record before me, an issue here.

Motion to suspend is denied. It is so ordered.